Agnes Martin, Esq.  (SBN 217074)
**MARTIN LAW GROUP**
3500 West Olive Avenue, Suite 300
Burbank, CA 91505
Telephone and Fax: (800) 910-4859
agnes@martinlawgrp.com

Attorneys for Plaintiffs
JON PAGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON PAGE,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CHARTER COMMUNICATIONS, INC., and DOES 1 to 10, inclusive,<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>1. VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]<br>2. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227] |

## COMPLAINT FOR DAMAGES
## INTRODUCTION

1.　Jon Page (Plaintiff) brings this action to secure redress from Charter Communications, Inc. (Defendant) for violations of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788 (RFDCPA) and the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA).  The RFDCPA prohibits false or deceptive practices in connection with the collection of debts.  The TCPA

is a federal statute enacted in 1991 that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission (FCC).

## JURISDICTION AND VENUE

2.	Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's TCPA claims arise under the laws of the United States.  Further, jurisdiction in this Court is proper for Plaintiff's RFDCPA claims under 28 U.S.C. § 1367(a)  as Plaintiff's RFDCPA claims are so related to Plaintiff's TCPA claims that they form part of the same case or controversy under Article III of the United States Constitution.

3.	Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4.	Jon Page (Plaintiff) is an individual, residing in Long Beach, Los Angeles County, California 90805.  Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person and thus Plaintiff is a "debtor" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(h).

5.	Charter Communications, Inc. (Defendant) is a foreign corporation, registered under the laws of the State of Delaware.  Defendant's principle place of business is 12405 Powerscourt Drive, St. Louis, Missouri, 63131.

6.	Upon information and belief, in the ordinary course of business, regularly, on behalf of itself or others, Defendant engages in debt collection and, as such, Defendant is a "debt collector" as defined by the RFDCPA, CAL. CIV.

CODE § 1788.2(c). Upon information and belief, Defendant regularly engages in the collection of debt by telephone in several states including, California.

7. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

**FACTUAL ALLEGATIONS**

8. Upon information and belief, Plaintiff allegedly incurred a debt with Charter Communications, Inc. at 5530 Ackerfield Ave #205, Long Beach, CA (alleged debt) with Account number 8245100404495216.

9. The alleged debt consisted of money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction and as such, qualifies as "consumer debt," as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(f).

10. At all time relevant to this action, Defendant contacted Plaintiff for the purposes of collecting the alleged debt.

11. On or about January 19, 2014, at about 10:23am, Defendant contacted Plaintiff on his cellular telephone number [562-619-9206] to inform him that there was an outstanding balance on the account. Plaintiff is terminally ill and permanently disabled and the missed payment was an oversight. Plaintiff explained that he would pay the balance online as soon as he was finished with the call and he did so within ten minutes of the call.

12. Upon information and belief, at all times relevant to this action, Defendant owned, operated and/or controlled at least telephone numbers 888-901-0293. Upon information and belief, at all times relevant to this action, Defendant contacted Plaintiff from, but not limited to, telephone number numbers 888-901-0293 for the purpose of collecting the alleged debt.

13. Within one year prior to the filing of this action, Defendant repeatedly and continuously called Plaintiff at Plaintiff's cellular telephone number (562) 619-9206 for the purpose of collecting the alleged debt.

14. On or about January 19, 2014, at about 10:23am, Defendant contacted Plaintiff on his cellular telephone number [562-619-9206] to inform him that there was an outstanding balance on the account. Plaintiff is terminally ill and permanently disabled and the missed payment was an oversight. Plaintiff explained that he would pay the balance online as soon as he was finished with the call and he did so within ten minutes of the call.

15. On or about January 19, 2014, at about 11:50am, Defendant contacted Plaintiff on his cellular telephone for the purpose of collecting the alleged debt. Plaintiff explained to Defendant that he had made the requested payment online already. Plaintiff requested that the collection calls stop.

16. On or about January 19, 2014, at about 1:09pm, Defendant contacted Plaintiff on his cellular telephone for the purpose of collecting the alleged debt. Plaintiff spoke to Defendant's representative and again said to stop calling him as the debt had been paid already. Plaintiff said: "I'm very sick. I'm terminally ill. You are interrupting my rest. Please stop calling me."

17. On or about January 19, 2014, at about 5:13pm, Defendant contacted Plaintiff on his cellular telephone for the purpose of collecting the alleged debt. Plaintiff spoke to Defendant's representative and again said to stop calling him as the debt had been paid already. Plaintiff said: "I'm very sick. I'm terminally ill. You are interrupting my rest. Please stop calling me."

18. On or about January 19, 2014, at about 6:35pm, Defendant contacted Plaintiff on his cellular telephone for the purpose of collecting the alleged debt.

19. On or about January 19, 2014, at about 6:44pm, Defendant contacted Plaintiff on his cellular telephone for the purpose of collecting the alleged debt. Plaintiff answered the call and said: "Please stop calling me I paid this bill". The

agent made Plaintiff feel extremely uncomfortable and caused Plaintiff to suffer great stress.

20. On or about January 20, 2014, at about 9:16am, Defendant contacted Plaintiff on his cellular telephone for the purpose of collecting the alleged debt. Plaintiff answered the call and again Defendant's representative was demanding payment and attempting to collect monies on the account.

21. On or about January 20, 2014, at about 9:20am, Plaintiff contacted Defendant to explain the stress the calls were causing and again demanded that the call stop. Plaintiff spoke to a manager who apologized for the harassing phone calls and offered to take $10 off the next bill cycle as this was all she could do for him. Upon information and belief, Defendant's statements that this was all she could do for him regarding the harassing calls were false.

22. Within one year prior to the filing of this action, Defendant caused Plaintiff's telephone to ring repeatedly or continuously to annoy Plaintiff.

23. Within one year prior to the filing of this action, Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and constitute harassment of Plaintiff.

24. Within one year prior to the filing of this action, Defendant regularly called Plaintiff multiple times over the course of one day for the purpose of collecting the alleged debt. Within one year prior to the filing of this action, Defendant called Plaintiff no less than six (6) times in the course of one day for the purpose of collecting the alleged debt. Upon information and belief, Plaintiff informed Defendant that Plaintiff already paid the outstanding balance online and to stop calling him on his cellular phone and yet Defendant contacted Plaintiff no less than six (6) times in the course of one day for the purpose of collecting the alleged debt.

25. Upon information and belief, Defendant caused Plaintiff's telephone to ring or engaged Plaintiff in telephone calls repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff.

26. Defendant's conduct as described in detail above was done to harass, oppress, or abuse Plaintiff.

27. Defendant's conduct as described in detail above amounted to a false, deceptive or misleading representation or means in connection with the collection of the alleged debt.

28. Defendant's conduct as described in detail above amounted to a false, deceptive or misleading representation as to the character, amount or legal status of the alleged debt.

29. Within one year prior to the filing of this action, Defendant threatened to take legal action that cannot be legally taken or that is not intended to be taken.

30. Defendant's conduct as described in detail above amounted to a false representation or deceptive means to collect the alleged debt or to obtain information about Plaintiff.

31. Defendant's conduct as described in detail above amounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

32. Defendant's conduct as described in detail above amounted to an attempt to collect any amount not authorized by the agreement creating the debt or otherwise permitted by law.

43. At all times relevant to this action, while conducting business in California, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 (TCPA Regulations), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

44. At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

45. Upon information and belief, Defendant did not have an emergency purpose, as defined by 47 U.S.C. § 227 (b)(1)(A).

46. Upon information and belief, Defendant violated the TCPA no less than six (6) times by sending text messages to Plaintiff's cellular telephone for the purpose of collecting the alleged debt. Upon information and belief, Defendant knew that such conduct was in violation of the TCPA. Upon information and belief, Defendant willfully and/or knowingly violated the TCPA no less than six (6) times.

## FIRST CAUSE OF ACTION

### (Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)

47. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

48. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

 (a) Defendant violated CAL. CIV. CODE § 1788.10(e) by threatening to any person that nonpayment of the consumer debt may result in the arrest of the debtor or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of the debtor, unless such action is in fact contemplated by the debt collector and permitted by the law; and

 (b) Defendant violated CAL. CIV. CODE § 1788.11(a) by using obscene or profane language while collecting or attempting to collect a consumer debt; and

 (c) Defendant violated CAL. CIV. CODE § 1788.11(b) by placing telephone calls without disclosure of the caller's identity, provided that an

1  employee of a licensed collection agency may identify himself by using his
2  registered alias name as long as he correctly identifies the agency he represents;
3  and
4      (d)   Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a
5  telephone to ring repeatedly or continuously to annoy the person called; and
6      (e)   Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating,
7  by telephone or in person, with the debtor with such frequency as to be
8  unreasonable and to constitute an harassment to the debtor under the
9  circumstances; and
10     (f)   Defendant violated CAL. CIV. CODE § 1788.12(b) by communicating
11 information regarding a consumer debt to any member of the debtor's family,
12 other than the debtor's spouse of the parents or the guardians of the debtor who is
13 either a minor or who resides in the same household with such parent or guardian,
14 prior to obtaining a judgment against the debtor, except where the purpose of the
15 communication is to located the debtor, or where the debtor or his attorney has
16 consented in writing to such communication; and
17     (g)   Defendant violated CAL. CIV. CODE § 1788.13(a) by communicating
18 with the debtor other than in the name either of the debt collector or the person on
19 whose behalf the debt collector is acting; and
20     (h)   Defendant violated CAL. CIV. CODE § 1788.13(j) by making a false
21 representation that a legal proceeding has been, is about to be, or will be instituted
22 unless payment of a consumer debt is made; and
23     (i)   Defendant violated CAL. CIV. CODE § 1788.14(c) by communicating
24 with a debtor, other than statements of account, after the debt collector was
25 notified in writing that the debtor is represented by an attorney; and
26     (j)   Defendant violated CAL. CIV. CODE § 1788.17 by collecting or
27 attempting to collect a consumer debt without complying with the provisions of
28

Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

    (i)    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692c(a)(2) by communicating with a consumer in connection with the collection of any debt when the debt collector knows the consumer is represented by an attorney with respect to such debt; and

    (ii)    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692c(b) by communicating, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector; and

    (iii)    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

    (iv)    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

    (v)    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity; and

    (vi)    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of any debt; and

    (vii)    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692e(2) by making a false representation of the character, amount or legal status of any debt; and

(viii) Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692e(4) by making a representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action; and

(ix) Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken; and

(x) Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692e(10) by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and

(xi) Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

(xii) Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692f(1) by attempting to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

49. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

50. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the RFDCPA, actual damages, statutory damages, and costs and attorney fees.

## SECOND CAUSE OF ACTION
### (Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227)

51. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

52. On no less than six (6) occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

53. On no less than six (6) occasions, Defendant knowing and/or willfully violated the TCPA.

54. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).  If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

55. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) Declaratory judgment that Defendant violated the RFDCPA and the TCPA pursuant to 28 U.S.C. §§ 2201 and 2202; and

(b) An injunction prohibiting Defendant from contacting Plaintiff on her cellular phone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

(c)  Actual damages pursuant to CAL. CIV. CODE § 1788.30(a) and 47 U.S.C. § 227(b)(3)(B); and

(d)  As a result of Defendant's violation of the RFDCPA, Plaintiff is entitled to and requests statutory damages pursuant to CAL. CIV. CODE § 1788.30(b); and

(e)  As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

(f)  As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(g)  Costs and reasonable attorney fees pursuant to CAL. CIV. CODE § 1788.30(c); and

(h)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(i)  For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action

RESPECTFULLY SUBMITTED,

Dated: July 18, 2014          Martin Law Group

By: /s/ Agnes Martin

Agnes Martin, Esq.
*Attorney for Plaintiff*